UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| SIDNEY KEYS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:23-cv-00749-RWS |
| | ) | |
| USAA INSURANCE CO., | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on the motion of self-represented plaintiff Sidney Keys for leave to commence this civil action without prepayment of the required filing fee.[1] The Court will grant the motion. Additionally, after reviewing plaintiff's complaint, the Court will dismiss this action without prejudice for failure to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B).

**Legal Standard on Initial Review**

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed without prepayment of fees and costs if it is frivolous, is malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. To state a claim for relief, a complaint must plead more than "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A plaintiff must demonstrate a plausible claim for

---

[1] The Court notes plaintiff Sidney Keys has previously filed more than twenty civil actions in this Court without payment of the filing fee, all of which have been dismissed upon initial review for failure to state a claim, voluntarily dismissed by plaintiff, dismissed on a Federal Rule 12(b)(6) motion, or dismissed for failure to comply with a Court order. Plaintiff has filed eight new civil actions since May 11, 2023.

relief, which is more than a "mere possibility of misconduct." *Id.* at 679. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. *Id.* at 679.

When reviewing a self-represented plaintiff's complaint under 28 U.S.C. § 1915, the Court accepts the well-pled facts as true, *White v. Clark*, 750 F.2d 721, 722 (8th Cir. 1984), and liberally construes the complaint. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). A "liberal construction" means that if the essence of an allegation is discernible, the district court should construe the plaintiff's complaint in a way that permits his or her claim to be considered within the proper legal framework. *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015). However, even self-represented plaintiffs are required to allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980); *see also Stone v. Harry*, 364 F.3d 912, 914-15 (8th Cir. 2004) (refusing to supply additional facts or to construct a legal theory for the pro se plaintiff that assumed facts that had not been pled).

**The Complaint**

Plaintiff brings this civil action against defendant USAA Insurance Co. alleging the company racially discriminated against him by overcharging him for his car insurance. Plaintiff's statement of claim is brief and straightforward, so the Court will quote it in full.

> I called to [the] representative at USAA Auto Insurance and the first representative quoted myself Sidney Keys $177.00 per month.
>
> The second lady rep quoted myself Sidney Keys $254.00 per month and charged an extra $300.00 that she said I owed them which is false.
>
> The lady rep asked me if I was African American. I did not respond.
>
> USAA Insurance Company over charged me for auto insurance based on racism and racial profiling.

> I Sidney Keys have been driving for over forty (40) years and I have never had an accident nor any moving violation. My driving record is clean, the vehicle that I have insured through USAA is a 2011 Ford Edge.

For relief, plaintiff seeks "whatever the jury decides."

## Discussion

Liberally construed, plaintiff's complaint attempts to state a claim under 42 U.S.C. § 1981 for racial discrimination in the forming of a contract. Section 1981 prohibits discrimination in the "performance, modification and termination of contracts" and protects "the enjoyment of all benefits, privileges, terms and conditions of the contractual relationship." 42 U.S.C. § 1981(b).

To establish a prima facie claim of racial discrimination under § 1981, the plaintiff must allege that (1) he is a member of a racial minority, (2) defendant intended to discriminate against him on the basis of race, and (3) the discrimination concerned an area enumerated by § 1981. *See Williams v. Lindenwood Univ.*, 288 F.3d 349, 355 (8th Cir. 2002). Plaintiff's complaint fails to state a plausible claim of racial discrimination because he has not alleged any facts that would show defendant's representatives knew plaintiff's race and intended to discriminate against him on that basis. Plaintiff has merely alleged that two different representatives of his car insurance company quoted him two different rates. He specifically states that when he was asked if he was African American, "I did not respond."

Viewing all facts in the light most favorable to plaintiff, the Court finds that he has failed to state a plausible claim of racial discrimination under § 1981. The Court will dismiss this case for failure to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B).

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's application to proceed in the district court without prepaying fees and costs is **GRANTED**. [ECF No. 2]

**IT IS FURTHER ORDERED** that this action is **DISMISSED without prejudice**.

**IT IS FURTHER ORDERED** that plaintiff's motion for appointment of counsel is **DENIED as moot**. [ECF No. 3]

**IT IS FURTHER ORDERED** that an appeal of this Order would not be taken in good faith.

An Order of Dismissal will accompany this Memorandum and Order.

Dated this 3rd day of August, 2023.

                                                  RODNEY W. SIPPEL
                                                  UNITED STATES DISTRICT JUDGE